UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

CESAR MONTOYA,
and other similarly-situated individuals,

    Plaintiff,

v.

CEMPLEX GROUP FLORIDA, LLC

Defendant.

_____/

# **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CESAR MONTOYA and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant CEMPLEX GROUP FLORIDA, LLC and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff CESAR MONTOYA is a resident of Orange County. Florida within the jurisdiction of this Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant CEMPLEX GROUP FLORIDA, LLC (hereinafter CEMPLEX GROUP, or Defendant) is a Florida corporation, having its place of business at Apopka, Orange County, Florida. The defendant performed business in Orange County where the Plaintiff worked. At all times material, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

5. Defendant CEMPLEX GROUP is a construction company providing gypsum underlayment, waterproofing, floor leveling, sound control, and related services to the construction industry. The Defendant maintains offices in multiple cities throughout the United States. Including Apopka, Orange County, Florida.

6. The employer CEMPLEX GROUP was engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

7. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working on facilities that provided services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were produced for

commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

8. The Defendant CEMPLEX GROUP employed Plaintiff CESAR MONTOYA, as a non-exempt, full time, hourly employee from December 05, 2017, July 25, 2019, or 85 weeks.

9. The Plaintiff was hired as a construction worker and he was paid at the rate of $13.00 and $15.00 an hour.

10. During his time of employment, the Plaintiff worked weeks of 5 days and weeks of 6 days. Every day the Plaintiff reported working at the CEMPLEX GROUP's shop located at 970 Ocoee-Apopka Rd., FL 32703 FL.

11. The Plaintiff was required to report ready for work at 4:30 and 5:00 AM, upon arrival to the shop, the Plaintiff and other similarly situated individuals performed activities that were essential to the construction job to be done, such as preparing and loading equipment and materials which were transported to the worksite.

12. The Plaintiff and his crew were also transported in a company vehicle to worksites that were at a substantial distance. At the end of his shift, around 5:30 PM, Plaintiff and other similarly situated individuals were transported back to the shop to unload equipment and materials.

13. The Plaintiff and other similarly situated individuals regularly were transported to worksites located at dissimilar distances such as Kissimmee, Orlando, Jacksonville, Daytona, etc., which required considerable daily travel time ranging from 30 minutes to 2 hours.

14. Based on a schedule from 5:AM to 5:30 PM, (12.5 hours daily), in weeks in which Plaintiff worked 5 days per week, he completed a minimum average of 62.5 working hours. In

weeks in which Plaintiff worked 6 days, he completed a minimum average of 75 hours working hours in a week. The Plaintiff was unable to take bonafide lunch periods.

15. The Plaintiff was paid for overtime hours, but he was not paid for all his overtime hours.

16. The Plaintiff did not clock in and out and Supervisor Carlos Lopez, a/k/a Javier, wrote down in a timesheet the hours worked by Plaintiff and other similarly situated individuals. The supervisor adjusted Plaintiff's working hours according to a pre-fixed schedule, regardless of the real number of hours worked and applying the Defendant's criteria.

17. The Plaintiff was in disagreement with the number of working hours paid, Supervisor Carlos Lopez, a/k/a Javier explained to Plaintiff, that the working hours were counted or started running at the workplace, not at CEMPLEX GROUP's shop, where Plaintiff and other similarly situated employees engaged in activities which were compensable within the meaning of the FLSA.

18. As a result of the Defendant's practices, Plaintiff estimates that in weeks of 5 working days Defendant failed to pay him for a minimum of 10 overtime hours per week; and in weeks of 6 days of work, Defendant failed to pay him for a minimum of 12 hours per week.

19. These uncompensated off-the-clock hours constitute additional overtime hours that were not paid at any rate, not even the minimum wage rate, as established by the FLSA.

20. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. The Plaintiff was paid weekly with checks accompanied by paystubs that did not show number of days and the real number of hours worked.

22. On or about July 25, 2019, the Plaintiff was fired due to discriminatory reasons. The Plaintiff has filed his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

23. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections

24. Plaintiff CESAR MONTOYA seeks to recover unpaid overtime hours, accumulated during all his time of employment, liquidated damages, and any other damages, as allowable by law.

25. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

26. Plaintiff CESAR MONTOYA re-adopts every pertinent and factual allegation, regarding him, as stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff CESAR MONTOYA and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

28. The employer CEMPLEX GROUP was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company that provides its services to companies engaged in interstate commerce. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

29. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were moved across State lines at any time during business. Therefore, there is individual coverage.

30. The Defendant CEMPLEX GROUP employed Plaintiff CESAR MONTOYA, as a non-exempt, full time, hourly employee from December 05, 2017, July 25, 2019, or 85 weeks.

31. The Plaintiff was hired as a construction worker and he was paid at the rate of $13.00 and $15.00 an hour.

32. During his time of employment, the Plaintiff worked weeks of 5 days and weeks of 6 days of work.

33. Based on a schedule from 5:AM to 5:30 PM, (12.5 hours daily), in weeks in which Plaintiff worked 5 days per week, he completed a minimum average of 62.5 working hours. In weeks in which Plaintiff worked 6 days, he completed a minimum average of 75 hours working hours in a week. The plaintiff was unable to take bonafide lunch periods.

34. The Plaintiff was paid for overtime hours, but he was not paid for all his overtime hours.

35. The Plaintiff did not clock in and out and Supervisor Carlos Lopez, a/k/a Javier, wrote down in a timesheet the hours worked by Plaintiff and other similarly situated individuals. The supervisor adjusted Plaintiff's working hours according to a pre-fixed schedule, regardless of the real number of hours worked and applying Defendant's criteria.

36. The Plaintiff was in disagreement with the number of working hours paid, Supervisor Carlos Lopez, a/k/a Javier explained to Plaintiff, that the working hours were counted or started running at the workplace, not at CEMPLEX GROUP's shop, where Plaintiff and other similarly situated employees engaged in activities which were compensable within the meaning of the FLSA.

37. As a result of the Defendant's practice, Plaintiff estimates that in weeks of 5 working days Defendant failed to pay him for a minimum of 10 overtime hours per week; and in weeks of 6 days of work, Defendant failed to pay him for a minimum of 12 hours per week.

38. These uncompensated off-the-clock hours constitute additional overtime hours that were not paid at any rate, not even the minimum wage rate, as established by the FLSA.

39. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. The Plaintiff was paid weekly with checks accompanied by paystubs that did not show number of days and the real number of hours worked.

41. On or about July 25, 2019, the Plaintiff was fired due to discriminatory reasons. The Plaintiff has filed his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

42. The records, if any, concerning the number of hours worked by Plaintiff CESAR MONTOYA, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

43. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

45. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate. Plaintiff has deducted 2 weeks from the relevant time of employment that Plaintiff did not work in 2018.

    a. <u>Total amount of alleged unpaid wages</u>:

    Twenty Thousand Four Hundred Thirty-Three Dollars and 00/100 ($20,433.00)

    b. <u>Calculation of such wages</u>:

    Total Period of employment: 85 weeks

Relevant weeks of employment: 83 weeks

1. **O/T from December 05, 2017, to December 31, 2017, paid @$13.00 an hour ($858.00)**

Relevant weeks of employment: 4 weeks
Regular rate: $13.00 an hour x 1.5=$19.50 O/T rate

-O/T for 2 weeks with 10 unpaid off-the-clock overtime hours
$19.50 O/T rate x 10 O/T hours=$195.00 weekly x 2 weeks=$390.00

- O/T for 2 weeks with 12 unpaid off-the-clock overtime hours
$19.50 O/T rate x 12 O/T hours=$234.00 weekly x 2 weeks=$468.00

2. **O/T from January 01, 2018, to July 25, 2019, paid @$15.00 an hour (19,575.00)**

Relevant weeks of employment: 79 weeks
Regular rate: $15.00 an hour x 1.5=$22.50 O/T rate

-O/T for 39 weeks with 10 unpaid off-the-clock overtime hours
$22.50 O/T rate x 12 O/T hours=$225.00 weekly x 39 weeks=$8,775.00

- O/T for 40 weeks with 12 unpaid off-the-clock overtime hours
$22.50 O/T rate x 12 O/T hours=$270.00 weekly x 40 weeks=$10,800.00

Total # 1 and # 2= $20,433.00

c. Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime compensation.

47. At all times, the Employer/Defendant CEMPLEX GROUP failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

48. Defendant CEMPLEX GROUP knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

49. Defendant CEMPLEX GROUP willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant CEMPLEX GROUP.

50. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CESAR MONTOYA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CESAR MONTOYA and other similarly situated individuals, and against the Defendant CEMPLEX GROUP based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CESAR MONTOYA and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated: March 23, 2020

                         Respectfully submitted,

                         By: **/s/ Zandro E. Palma**
                         ZANDRO E. PALMA, P.A.
                         Florida Bar No.: 0024031
                         9100 S. Dadeland Blvd.
                         Suite 1500
                         Miami, FL 33156
                         Telephone: (305) 446-1500
                         Facsimile: (305) 446-1502
                         zep@thepalmalawgroup.com
                         *Attorney for Plaintiff*